**DICKINSON WRIGHT PLLC**
Steven A. Caloiaro
Nevada Bar No. 12344
Mackenzie E. Robinson
Nevada Bar No. 16309
100 W. Liberty Street, Suite 940
Reno, Nevada 89501
Tel.: (775) 343-7500
Fax: (844) 670-6009
scaloiaro@dickinsonwright.com
mrobinson@dickinsonwright.com

*Attorneys for Plaintiff*
*Noah Blythe*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Noah Blythe,<br><br>*Plaintiff*,<br>*v.*<br><br>National Collegiate Athletic Association,<br><br>*Defendant*. | CASE NO.<br><br>**DECLARATION OF NOAH BLYTHE** |

I, Noah Blythe, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in the above-captioned matter and make this declaration in support of my Complaint and Ex Parte Emergency Motion for a Temporary Restraining Order and/or Preliminary Injunction.

2. I am currently a student-athlete enrolled at the University of Nevada, Reno. I began my collegiate baseball career at the NCAA Division II School Hawaii Pacific in Honolulu, Hawaii, a small private university, where I did not redshirt or compete in any NCAA Division I baseball games. Due to the COVID-19 pandemic and strict quarantine laws, I played a limited season against the same university- Hawaii- Hilo for every game. I played only 21 contests that season, far below the 56 contests permissible in a standard Division I season. My high school recruiting opportunities were also limited by the COVID-19 Pandemic.

3. After that 2020-20201 season at Hawaii Pacific, I transferred to the NAIA school University of Antelope Valley (UAV) a private, for-profit university in Lancaster, California, where I did not redshirt or compete in any NCAA Division I baseball games. I

4. I played for UAV for the 2021-2022 season.

5. In 2023, I broke my hand after 12 games. I subsequently returned to play the last two games of the year for 14 games of a 52 game season or 26% which I understand is less than the "30% of the season" factor typically applied to determine medical redshirts at the NCAA level. I was not aware that returning early from my injury in an attempt to help my team for the final two games could jeopardize my eligibility.

6. On February 29, 2024, the California Bureau for Private Postsecondary Education ordered the university to cease all operations by March 8, 2024 due to its "severe financial position" at which point it closed permanently. As a result, my season was terminated after 17 games.

7. As a result of the UAV's abrupt closure, I was able to transfer back again to Hawaii Pacific for the next 2024-2025 school year.

8. In total, I have only participated in two seasons of NCAA Division II baseball, with one being limited by the COVID-19 Pandemic restrictions. Moreover, I have never been able to participate in NCAA Division I baseball that I am otherwise eligible to compete in and capable of competing in.

9. The NCAA has recently informed me that I am ineligible to compete during the upcoming baseball season on behalf of the University of Nevada, where I transferred to, in hopes of continuing my education and athletic career, based on the application of its "Five-Year Rule".

10. I have not yet exhausted four seasons of eligibility at NCAA Division I institutions. The NCAA's denial is based solely on the passage of time since I began competing outside of any Division I institution, not on any misconduct or ineligibility due to academic or athletic performance.



DICKINSON WRIGHT
ATTORNEYS AT LAW

11. I began the process to obtain a waiver from the NCAA that could allow me to play in October 2025.

12. I sought this waiver request for ultimate reinstatement of eligibility to the NCAA indirectly through the University of Nevada, Reno, as all individual NCAA athletes lack standing to submit a waiver on their own behalf. All waivers must be submitted through a member institution. My school has supported my position and submitted one on my behalf.

13. The NCAA indicated the denial via email on January 23, 2026. Additionally, the NCAA indicated via counsel that the waiver would be denied on February 4, 2026, But the NCAA has not issued a formal denial letter indicating as much. The NCAA has also indicated that a written denial letter is a prerequisite to appeal the NCAA's decision or request reconsideration. This effectively means my waiver request has been pending since October 2025.

14. As a result of the NCAA's conduct and application of its eligibility rules here, I stand to lose a pending athletic scholarship opportunity and the ability to pursue educational opportunities as I would be forced to drop my classes otherwise. I also stand to lose numerous potential Name, Image and Likeness (NIL) endorsement opportunities despite still having NCAA athletic eligibility remaining. I currently already have a substantial NIL offer that is conditional on me playing and participating in the University of Nevada's Baseball season.

15. The complained-of conduct includes the NCAA's choice to only informally communicate that my request for a hardship waiver (that would allow me to recoup another season of competition has been denied), while refusing to issue a written denial letter that would allow me to further appeal or seek reconsideration.

16. In addition to financial harm, I will lose my final opportunity to play in front of MLB scouts and professional teams, which could permanently derail my goal of playing professional baseball.

17. I have complied with all academic and conduct requirements and have done everything within my power to remain eligible.

18. While playing at the NAIA and Division II level, I had no reasonable or realistic opportunity to earn any Name, Image, and Likeness compensation, and in fact, earned no NIL money during that time.

19. I have dreamed of playing in Major League Baseball (MLB) my entire life. The opportunity to play at the NCAA Division I level provides the only viable route to help me achieve that goal, as it serves as the principal pathway to professional baseball opportunities. I have been previously named the Division 2 college baseball player of the year in the PAC-West, an all-conference player, and a first team all American. Yet, I have been told by people affiliated with Major Leage Baseball teams, I need to demonstrate my athletic skills against Division one players if I want a realistic opportunity to play professional baseball.

20. If this Court does not grant my emergency relief request, my athletic career will be over and I will suffer irreparable harm that cannot be undone because the opportunities to participate in these NIL deals will be lost forever, and my overall wellbeing and mental health would suffer as a result.

21. The first competition this season for the baseball team is February 13, 2026. Based on my experience, pre-season games and training opportunities are critical to getting integrated into the program and the team as a whole.

22. My deadline to pay tuition is February 16, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of February, 2026

Noah Blythe